UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

LAMONT C. FITCH                                                                                      PLAINTIFF

v.                                                                    CIVIL ACTION NO. 4:08-CV-P76-M

CITY OF LEITCHFIELD, KENTUCKY et al.                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, City of Leitchfield, Kentucky, has moved the Court for summary judgment in its favor (DN 37). Plaintiff has responded (DN 65), and this matter is ripe for review. For the following reasons, the Court will grant Defendant Leitchfield's motion.

**I. STATEMENT OF FACTS**

Plaintiff's complaint alleges constitutional violations stemming from various actions taken by various Grayson County Detention Center (GCDC) staff during his incarceration at GCDC. Plaintiff's complaint explains that GCDC is located in Leitchfield, Kentucky, and appears to assume that the City of Leitchfield was therefore responsible for GCDC, its employees, and their actions.

**II. ANALYSIS**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she

has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing former FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Id*. at 323-24.

Defendant Leitchfield argues that Plaintiff's complaint makes no allegations against it specifically and appears only to include Leitchfield as a defendant because the Grayson County

Detention Center is located there. Defendant Leitchfield states that the City of Leitchfield is neither affiliated with GCDC nor involved with its operation, management, or funding. Attached to the motion is the affidavit of William Thompson, Mayor of Lietchfield, who avers that the City of Leichfield is an entity separate and distinct from Grayson County and that it is in no way affiliated with the Detention Center. He further avers that upon information and belief, at no time relevant to the complaint did Plaintiff have any contact with any agent or representative of Leitchfield, Kentucky.

In his response, Plaintiff argues that Defendant Leitchfield knew of the abuse against him at GCDC and that, because Plaintiff was a resident of Leitchfield, Defendant Leitchfield had a duty to serve and protect him. He contends that "common logic" leads him to believe that Defendant Leitchfield had a duty to him. He has attached his affidavit in which he avers that during his detention at GCDC he was a resident of Leitchfield and that during that time he sent the Mayor of Leitchfield a letter and copy of a sworn complaint detailing the abuses against him.

The law is clear that in order to successfully impose liability under 42 U.S.C. § 1983, a plaintiff must show personal involvement by the putative defendant in the activities that allegedly deprived plaintiff of any constitutional rights. *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 691-69 (1978). Defendant Leitchfield has demonstrated that it has no responsibilities connected with Grayson County Detention Center and that it is not in any way responsible for the alleged constitutional deprivations. Personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation, and, without that personal involvement, summary judgment for the defendant is proper. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam).

The Court notes that Leitchfield's Mayor avers that upon information and belief that

Case 4:08-cv-00076-JHM   Document 81   Filed 05/01/09   Page 4 of 4 PageID #: 482

Plaintiff did not contact any agent or representative of Leitchfield, Kentucky, at any time relevant to the complaint, whereas Plaintiff avers that he sent the Mayor of Leitchfield a letter and copy of a sworn complaint detailing the abuses against him. The Court finds that, to the extent that the parties' affidavits indicate a disputed issue of fact, such issue of fact is not material. The Mayor's affidavit establishes that the City of Leitchfield has no connection with or any responsibility for the GCDC. Plaintiff has pointed to no provision of law to support his statement that a city owes a duty to protect a resident who is incarcerated in a county facility over which the city has no control. Therefore, whether Defendant Leitchfield knew of Plaintiff's allegations is immaterial.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, Defendant Leitchfield's motion for summary judgment (DN 37) is **GRANTED**.

Date:


cc:	Plaintiff, *pro se*
	Counsel of record
4414.009

4